IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>DONALD GILBERT "AND ALL OTHERS",<br><br>    Defendants,<br><br>and<br><br>ANDREA LEE GILBERT,<br><br>    Counter-Plaintiff/Third Party Plaintiff,<br><br>vs.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Counter-Defendant, and<br><br>WELLS FARGO BANK, N.A. f/k/a WELLS FARGO HOME MORTGAGE, INC.,<br><br>    Third Party Defendant. | Case No. 2:14-cv-02509-SHL-cgc |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW, Federal Home Loan Mortgage Corporation ("Freddie Mac"), Plaintiff in the above-styled matter, and files this Response to Defendant Andrea Gilbert's ("Ms. Gilbert") Motion to Dismiss for Lack of Subject Matter Jurisdiction, respectfully showing this Honorable Court as follows:

1

A. **IT IS NOT RELEVANT WHETHER THE STATE COURT POSSESSED SUBJECT MATTER JURISDICTION**

On the eve of the Pretrial Conference, and nearly eleven months after this case was removed from the Fayette County Circuit Court, Ms. Gilbert, for the first time, asserted that this Court lacks subject matter jurisdiction, and filed a motion to dismiss. *See* [Doc. 69]. The basis for this motion is that the state court lacked subject matter jurisdiction because Freddie Mac allegedly did not properly perfect its appeal from General Sessions Court. However, it is irrelevant whether the state court had jurisdiction, because this case has proceeded through summary judgment without any objection by Ms. Gilbert.

In a typical civil action removed from state court, the subject matter jurisdiction of the state court is irrelevant because "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f). Here, though, the case was removed under 12 U.S.C. § 1452(f), making 28 U.S.C. § 1441(f) inapplicable. *See Palmer v. City Nat'l Bank of W. Virginia*, 498 F.3d 236, 246-47 (4th Cir. 2007) (holding that § 1441(f) is applicable only to cases removed under § 1441).[1] Therefore, the doctrine of derivative jurisdiction applies in this case. *Id.* That doctrine states that "[a] federal district court does not acquire subject matter jurisdiction by removal if the state court lacked jurisdiction over the original action since removal is derivative in nature." *W. & S. Life Ins. Co. v. Smith*, 859 F.2d 407, 409 n.4 (6th Cir. 1988) (citation omitted). However, in *Smith*, the Sixth Circuit noted that this doctrine is not absolute and can be waived:

> The Supreme Court, however, has indicated that a defect stemming from the derivative nature of removal jurisdiction can be waived by the parties. "[W]here after removal a case is tried on the merits without objection and the federal court

---

[1] The undersigned was mistaken at the Pretrial Conference when it was asserted that § 1441(f) applies here.

2

enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court."

*Id.* (quoting *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 599, 702 (1972)).

District courts around the country have interpreted *Grubbs* as not applying only to cases in which final judgments have issued,[2] but also where significant proceedings have taken place without any objection to the propriety of removal. *See, e.g., Regions Bank v. Am. Justice School of Law, Inc.*, No, 5:08CV-134-M, 2009 WL 9009548, at *6 (W.D. Ky. March 30, 2009) (declining to apply *Grubbs* exception because case was "in its infancy."); *Trugreen Landcare, L.L.C. v. Scott*, 512 F. Supp. 2d 613, 620 (N.D. Tex. 2007) (holding that defendant waived right to seek remand under *Grubbs* when he filed counterclaim and third-party complaint in federal court after removal and did not to object to removal until did not raise jurisdictional issue until summary judgment phase); *Williams v. Birkeness*, No. 92-1041-CV-W-1, 1993 WL 760162, at *2 (W.D. Mo. Sept. 29, 1993) (retaining jurisdiction under *Grubbs* rule because "all of the parties continue to proceed as if defendants properly removed the entire case"). Additionally, *Grubbs* can apply where the court has granted summary judgment, as opposed to having a case proceed to trial. *Thompson v. Karr*, No. 98-3544, 1999 WL 519297, at *4, 182 F.3d 918 (6th Cir. July 15, 1999) (unpublished table decision). In *Thompson*, the Sixth Circuit retained jurisdiction despite a faulty removal "[i]n view of the extensive discovery already completed in this case, as well as the time invested in the district court's opinion and our own preparation . . . ." *Id.* at *4. The rule in *Grubbs* "prevents a party who waits until after he loses in the court below to object to the jurisdictional defect from getting a second bite at the apple." *Morda v. Klein*, 865 F.2d 782, 784 (6th Cir. 1989).

---

[2] A judgment has issued in this case with respect to the counterclaims and third-party claims. *See* [Doc. 58].

Here, the instant motion is the epitome of gamesmanship and is nothing more than an attempt by Ms. Gilbert to escape the effect of this Court's adverse ruling against her on summary judgment, as well as the effect of her failure to file a timely answer to the Amended Complaint. First, it is important to note that this Court "would have had original jurisdiction of the case had it been filed" here, as Freddie Mac is a party. *See* 12 U.S.C. § 1452(f). As such, this Court can proceed to analyze whether Ms. Gilbert has waived her right to object to removal on the basis of the state court allegedly lacking jurisdiction. She clearly has.

Over the past eleven months since this case was removed, Ms. Gilbert and her counsel have participated in extensive discovery (including seeking discovery from a third party that resulted in a motion for protective order being filed), filed a jury demand, sought leave to amend her counter-complaint and third-party complaint, defended a motion for partial judgment on the pleadings, and defended a motion for summary judgment. Never once during this time did Ms. Gilbert object to this Court's subject matter jurisdiction. Moreover, Ms. Gilbert participated in three years of litigation in Fayette County Circuit Court that preceded removal without any objection to subject matter jurisdiction. Most significant, though, is that the length and complexity of this litigation is due solely to the counterclaims and third-party claims filed by Ms. Gilbert, which were filed after the case was docketed in Fayette County Circuit Court, which is a point in time that Ms. Gilbert now concedes that the case was not properly before that court. The current motion to dismiss was only filed after this Court dismissed the remaining counterclaims and third-party claims on summary judgment and after Freddie Mac moved to strike late-filed affirmative defenses. These facts fit squarely within the *Grubbs* exception, and it is clear that Ms. Gilbert is impermissibly seeking a "second bite at the apple." It would be a tremendous waste of resources to nullify years of work by all parties involved (the state court, this Court, the parties,

and their attorneys), and this Court should not countenance the gamesmanship now being attempted by Ms. Gilbert. Accordingly, this Court should find that it is irrelevant whether the state court had subject matter jurisdiction and that Ms. Gilbert waived her right to seek dismissal on such grounds.

**B.    THE STATE COURT POSSESSED SUBJECT MATTER JURISDICTION**

Even if this Court was to find that the *Grubbs* rule does not apply, the fact remains that the state court had subject matter jurisdiction. The crux of Ms. Gilbert's argument is that the Fayette County Circuit Court lacked subject matter jurisdiction because the appeal bond was not proper. Freddie Mac does not dispute that an appeal bond is a jurisdictional requirement to appeal from General Sessions Court to Circuit Court, but strongly disputes that the bond filed here was improper.

Appeals from General Sessions Court are governed by Title 27, Chapter 5 of the Tennessee Code. Under Tenn. Code Ann. § 27-5-103(b), "[a]n appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secured the cost of the cause on appeal." The Tennessee Supreme Court recently said that "[a]n 'appeal bond' is commonly defined as 'a bond that an appellate court may require from an appellant in a civil case to ensure payment of the costs on appeal.'" *Griffin v. Campbell Clinic, P.A.*, 439 S.W.3d 899, 905 (Tenn. 2014) (quoting *Black's Law Dictionary* 200 (9th ed. 2009). Notably, "the statute expresses no limitation as to the type of bond required . . . ." *Id.*

Here, an appeal bond was filed, and signed by Jeff Horn, as the surety. *See* [Doc. 69-2] at p. 3. It clearly states that costs will be secured and that the surety is "held and firmly bound . . . in the penal sum of $250.00 Dollars, for the true payment whereof, we bind ourselves, our Heirs, Executors, and Administrators, firmly by these presents." *Id.* The bond further states that "if the

said Principal(s) shall well and truly prosecute said appeal with effect, or in case Federal Home Loan Mortgage Corp. fail(s) therein, pay and satisfy the whole debt, damages and costs which may be awarded against Principal(s) for wrongful prosecuting said appeal, and satisfy the judgment of said General Sessions Court thereof, then this obligation to be void, else to remain in full force and effect." Ms. Gilbert complains that Mr. Horn did not execute this portion of the document, but executed a blank portion of the bond. *See* [Doc. 69-1], p. 4. However, there is only one signature line on the entire document for a surety, and that is where Mr. Horn signed. Nothing in the document or the record of this case suggests that Mr. Horn refused to be bound as surety. The only signature blocks that are unexecuted are for the Clerk/Deputy Clerk, but there is no statutory requirement that they sign the bond.

Mr. Gilbert is attempting to elevate form over substance, which is not favored by Tennessee appellate courts. *See Morgan Keegan & Co., Inc. v. Smyth*, 401 S.W.3d 595, 607 (Tenn. 2013); *Boelter v. Reagan*, No. M2010-01354-COA-R3-CV, 2011 WL 1886573, at *3 (Tenn. Ct. App. May 18, 2011); *Johnson v. Myers*, No. M2003-02424-CCA-R3-HC, 2004 WL 2387524, at *1 (Tenn. Ct. Crim. App. Oct. 25, 2004). In fact, the document that was signed as the surety bond in this case was provided by the Tennessee Administrative Office of the Courts. *See* <http://www.tncourts.gov/sites/default/files/appeal_bond_from_gs_court.pdf> (last accessed May 28, 2015). It would be patently unfair for the court system itself to direct a surety to sign in only one location, only to tell the appellant later in the appeal that signing as directed deprived the Circuit Court of jurisdiction. This is a draconian result and clearly not contemplated by a statute that has *no specific requirements*. Therefore, this Court should find that the bond filed in this case was sufficient and that the state court possessed subject matter jurisdiction prior to removal.

**CONCLUSION**

Based on the foregoing, Freddie Mac respectfully requests that this Court deny the Ms. Gilbert's Motion to Dismiss.

Respectfully submitted, this 28th day of May, 2015.

/s/ Bret J. Chaness
Bret J. Chaness (BPR # 31643)
Natalie K. Brown (BPR # 22452)
**RUBIN LUBLIN TN, PLLC**
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com
nbrown@rubinlublin.com

*Attorneys for Federal Home Loan Mortgage Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 28th day of May, 2015, served the following parties in this matter with the foregoing by CM/ECF:

Julie C. Bartholomew
12520 South Main
Somerville, TN 38068

Bradley E. Trammell
Kavita Shelat
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103


/s/ Bret J. Chaness
Bret J. Chaness (BPR # 31643)

7